UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL, )<br>)<br>        **Plaintiff** )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY, et al., )<br>)<br>        **Defendants** )<br>_____ ) | Civil Action No. 11-1972 (JEB) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR A BRIEFING
SCHEDULE REGARDING ATTORNEYS' FEES**

Defendants, United States Department of Homeland Security, United States Customs and Border Protection ("CBP" or "Agency"), by and through undersigned counsel, in accordance with the Court's Minute Order of September 2, 2014, respectfully file this response to Plaintiff's Motion to Set Briefing Schedule Regarding Plaintiff's Attorney's Fees ("Pltf's Motion").

**I.      Brief Background of Litigation**

This case involves a request for release of records, pursuant to the Freedom of Information Act ("FOIA"), by Plaintiff, American Immigration Council ("Plaintiff" or "AIC"). During the litigation of this case, Defendant CBP conducted searches of its 20 Border Patrol Sector Offices, which are comprised of approximately 100 stations, and of its 20 Offices of Field Operations, which are comprised of over 300 ports of entry.  As a result of these searches, Defendants released the responsive records to Plaintiff.  After releasing the responsive records, Defendants promptly responded to requests for explanation and clarification from Plaintiff's counsel.  In doing so, Defendants made numerous discretionary releases to Plaintiff.  Subsequent to Defendants' fulfilling their obligations to thoroughly search for, review, and redact the

segregable portions of the responsive records, Plaintiff's counsel continued to make requests for clarification and additional disclosures.  In the interest of cooperation, Defendants voluntarily:

- Produced documents which were cross-referenced in documents that were released;

- Provided additional confirmation that all of the documents it said it had produced were produced;

- Provided additional detail and answered questions about its rationale for applying specific exemptions to, or withholdings of, released records;

- Explained why it did not provide certain documents Plaintiff identified;

- Provided a spreadsheet describing: the search terms used, the files searched, the information which was collected and provided to Defendants' FOIA Appeals, Policy and Litigation Branch for review, the information redacted, and the justification for the redactions describing the information released to Plaintiff;

- Provided 3 supplemental spreadsheets further describing, in detail, the information redacted and the exemptions relied upon to make those redactions;

- Addressed questions which were beyond the scope of the original FOIA request; and

- Conducted, at the request of Plaintiff's counsel, additional searches at 10 ports of entry which were chosen by Plaintiff, using specific search terms identified by Plaintiff.

As a result of Defendants' efforts, only 7 documents remained at issue prior to the parties' briefing the matter.  On November 5, 2013, Defendants filed a Motion for Summary Judgment.[1]  ECF No. 42.  On December 5, 2014, Plaintiff filed an opposition, to which Defendants replied on December 20, 2014.  ECF Nos. 43, 44.  On March 21, 2014, the Court issued a Memorandum Opinion and Order granting Defendants' Motion for Summary Judgment, and entering Judgment in favor of Defendants.  ECF Nos. 46, 47.

## II.     Response

Pursuant to Federal Rule of Civil Procedure 54(d)(2), a claim for attorney's fees "*must* be

---

[1] On January 26, 2012, Defendants initially filed a Motion for Summary Judgment which it voluntarily withdrew.  *See* ECF Nos. 9, 18.

made *by motion*" and the motion "*must* . . . be filed no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(A), (B) (emphasis added).  *See Mobley v. Dep't of Homeland Sec.*, 908 F. Supp. 2d 42, 45 (D.D.C. 2012) ("The time limit was also designed, like a statute of limitations, to promote the finality of closed cases[.]")  Here, Plaintiff failed to file a motion for attorneys' fees before the expiration of 14 days.  Therefore, any claim for attorney's fees should not be granted, and a motion to set a briefing schedule regarding Plaintiff's eligibility for, or entitlement to, those fees should be denied. *See Palymyra Park Hosp. v. Phoebe Putney Mem'l Hosp.*, 688 F. Supp. 2d 1356 (M.D. Ga 2010) (denying motion for attorneys' fees when filing was untimely by one day.)

On April 7, 2014, Plaintiff's counsel, Ms. Bevilacqua, sent Defendants' counsel an email indicating, in part, that Plaintiff

> would like to discuss . . . the reimbursement of attorneys' fees in the CBP matter, consistent with our prior discussion and resolution of the same issue in the USCIS matter.  In order to *start* that discussion, I am providing the aggregate fees and costs numbers incurred by AIC in the CBP FOIA matter.

Exhibit ("Ex.") A (emphasis added).

As an initial matter, it should be made clear that the "prior discussion" did not involve discussions about the instant litigation.  Rather, Plaintiff's email referred to a case between AIC and the United States Citizenship and Immigration Services ("USCIS").  In that case, AIC filed a FOIA request with USCIS that is substantially similar to the FOIA request filed here.  However, the case with USCIS necessarily involved different agency-specific circumstances, and the distinctions of conducting different searches within USCIS offices.  In a Memorandum Opinion issued on March 15, 2013 in that case, the Court denied USCIS's Motion for Summary Judgment as to the adequacy of its search and the withholding of certain documents.  *AIC v. USCIS*, Civil Action No. 11-1971, ECF Nos. 21, 22.  The Court stated, *inter alia*, that "USCIS must submit a

3

new affidavit to demonstrate the search's adequacy." *Id.*, ECF No. 22. The Court ordered the parties to "submit a joint proposed schedule for the remainder of the case." *Id.*, ECF No. 21. It was only after the Court issued that Order that the parties entered into settlement negotiations, and entered into a Stipulation of Settlement and Dismissal. *See id.*, ECF No. 25. By contrast, in this case, Defendants prevailed, and the Court granted Defendant's Motion for Summary Judgment.[2]

By contrast Plaintiff's April 7, 2014 email regarding their fees only included "the aggregate fees and costs [sic] numbers[.]" Ex. A. A proper fee submission should include, *inter alia*, the names of the individuals who worked on the case; the role of the individuals who performed the work; descriptions of the work performed; on what specific issues the individuals worked;[3] how many hours each individual worked; the individuals' hourly rates; and what year each attorney graduated from law school. On April 11, 2014, Defendants requested more detailed information.

In her Declaration, Ms. Crow states that "Defendants have made numerous requests for information, further documentation, support and clarification, to which Plaintiffs have responded in full." Pltf's Motion, Crow Dec. at ¶ 6. While Plaintiff's counsel insisted on scheduling

---

[2] Plaintiff's counsel, Melissa Crow, states that, in the instant litigation, Plaintiff noted in a status conference, well before summary judgment was granted for Defendants, that the issue of attorneys' fees "would have to be addressed[.]" However, this does not equate to Defendants conceding that Plaintiff was eligible for, or entitled to, attorneys' fees, or agreeing to the accuracy of any fee submissions Plaintiff may present. Pltf's Motion, Declaration of Melissa Crow ("Crow Dec.") at p. 2.

[3] This type of information would be particularly important in this case because a good deal of the work performed, and discussions had, concerned discretionary releases, additional searches voluntarily performed by Defendants after all responsive records were released, answering questions and providing documents which were beyond the scope of the original FOIA request, etc. *See supra.*

It also would be important because, during the same time period, AIC filed virtually the same FOIA request and similar complaints in *AIC v. USCIS*, Civil Action No. 11-1971 and *AIC v. United States Immigration and Customs Enforcement*, Civil Action No. 12-0856.

telephone conferences, with insufficient information, a defendant has no reasonable means to have a meaningful discussion regarding claims.  Thus, Defendants requested appropriate information to allow them to conduct a duly diligent review of Plaintiff's bill for fees in this matter.  Moreover, despite Ms. Crow's assertion that information was provided "in full," Defendants had to make *two* requests by email, and *one* by telephone, for information to which they were entitled. That should have been more than sufficient considering the experience level of the numerous Plaintiff's attorneys involved in this litigation.  Indeed, an email from Ms. Bevilacqua indicated that 14 attorneys employed by Dorsey & Whitney, LLP, performed work on the case.[4]  *See* Pltf's Motion, Crow Dec., Ex. 3 at pp. 2-3.

In the motion and Declaration, Ms. Grant and Ms. Crow, respectively, complain that Defendants' counsel "cancelled" a June 24 telephone conference.  However, Plaintiff's counsel both neglect to mention that, although requested earlier, it was not until the date of the telephone conference that Ms. Bevilacqua sent an email providing Defendants with the law school graduation years of attorneys who worked on the matter. Ex. B; Pltf's Motion, Crow Dec., Ex. 1 at p. 1.  This information was critical in order to determine, not only if the correct hourly rate was being charged for each attorney, but also whether the total amount of fees claimed were correct.  In addition, on the day of the telephone conference, Ms. Bevilacqua "updated AIC's total time and fees through May 28 to include additional time spent on the matter that was not yet entered when the April e-mail was sent." Ex. B.  That day, after discussion with Agency Counsel, Defendants' counsel indicated:

> We have reviewed your submissions from April and today.  In order for us to have a meaningful conversation, we will need a detailed breakdown justifying the attorneys' fees

---

[4] This amount of effort is questionable given that AIC was, during the same time period, involved in very similar litigation with ICE and USCIS.

and costs requested.  Therefore, we *suggest* that we postpone the telephone conference until after we have had an opportunity to review your updated submission.

*Id.* (emphasis added).[5]   None of the attorneys representing Plaintiff protested.  Rather, Ms. Bevilacqua indicated that they would "send [the] time sheets at the latest by Friday."  Ex. C.  Not until July 8, 2014, did Defendants receive some of the requested information.  Ex. D.  When Defendants did received additional information, Ms. Bevilacqua indicated that the fee amount Plaintiff initially provided included the law firm's fees for three cases, not just the instant case.  Ex. E.

In Plaintiff's motion, Ms. Grant, stated that "[d]ue to the unavailability of Defendants' counsel, the [next] call did not take place until July 31, 2014."  Pltf's Motion at 2.  This assertion is false.  Defendants' counsel reminded Plaintiff that "Three of us have to coordinate our schedules on this end."[6]  Ex. F.  In addition, Defendants' counsel informed Plaintiff's counsel:

> I am out of the office on the afternoon of Thursday, June 26.  I have 5 working days to prepare for and conduct a deposition, draft a large dispositive motion, an opposition and a status report.  I can try to squeeze in something on the afternoon of July 3, but I will have to see what [sic] if that works for the Agency.

*Id.*  Further, Defendants' counsel offered to have the telephone conference on July 11, 2014.  *Id.* at 2.  However, Ms. Crow indicated that she would be out of the office from July 11 through July 21, 2014.[7]  Ex. G.  Defendants' counsel indicated that she would attempt to coordinate a

---

[5]Defendants were able to conduct only a brief review of the lengthy submission and discuss the submission with the necessary individuals, before the decision was made to suggest a postponement.

[6] The Government's later discussion about attorneys' fees and costs had to include Andrew Langreich, who was assigned to the case, as well as Howard Charles, of the Office of the Chief Counsel, which had the responsibility of making any decisions concerning attorneys' fees.

[7] To the extent, Plaintiff appears to claim that reasons for the delay in discussing the issues were only attributable to Defendants' counsel, this would be inaccurate.  Indeed, Plaintiff's counsel also were unavailable for periods of time during the preceding five months.  *See, e.g.*, Ex. I.  Indeed, attempting the schedule telephone conferences with several attorneys can be difficult.

conference call with the necessary parties during the week of July 21, 2014. *See* Ex. H. The parties engaged in a telephone conference on July 31, 2014. As a result of the telephone conference, during the week of August 22, 2014, Defendants' counsel intended to provide Plaintiff with correspondence specifying the information which still was needed to evaluate Plaintiff's claim.[8]

However, during the time subsequent to the telephone conference, Agency Counsel informed undersigned counsel that, in reviewing documentation submitted by Plaintiff, and researching the case law regarding the requirements for sustaining an award for attorney's fees in FOIA cases, he realized that Plaintiff failed to file a motion regarding the issue of attorney's fees within 14 days after entry of judgment as required by Federal Rule of Civil Procedure 54(d). *See Mobley*, 908 F. Supp. 2d at 46 ("[t]he fourteen-day filing requirement under Rule 54 . . . seeks to 'avoid piecemeal appeals of merits and fee questions.'"). Therefore, the Agency asked that Plaintiff's be informed of such. On August 28, 2014, as requested by the client, Defendants' counsel sent Plaintiff's counsel correspondence indicating that they had failed to comply with Federal Rule of Civil Procedure 54(d)(2)(B)(i). Ex. J.

Plaintiff's counsel complain that Defendants took this position "for the first time in the five-month *negotiation* period[,]" Pltf's Motion at 2 (emphasis added), and intimate that the Defendants were not negotiating in good faith. However, although the parties discussed Plaintiff's claims for attorneys' fees, despite Plaintiff's assertion, no negotiation of fees occurred, (that is, no offers of compromise were made by either party), and Defendants did not concede that Plaintiff was owed any of the requested fees. Moreover, upon recognizing this rule and

---

[8] Although Ms. Crow's Declaration suggests that Plaintiff's counsel was not informed of any of the issues regarding Plaintiff's request for attorney's fees and would not know until they were provided with them in writing, *see* Pltf's Motion, Crow Dec. at ¶ 13, this is false. Plaintiff's counsel was made aware of some of the issues.

supporting case law, it was the obligation of Defendants' attorneys to raise the issue, and they would have been remiss in not doing so. Just like a Plaintiff's attorney has an obligation to zealously represent the interests of his client, so do attorneys employed by, and representing the interests of, a Government Agency. Further, a Government attorney has an additional responsibility to protect the Government coffers, and see that are expenditures are made only when required.

On August 28, 2013, Plaintiff's responded to Defendants' correspondence, indicating that they needed to discuss the matter the next day, August 29, 2014. Ex. K. On August 28, 2014, undersigned counsel reached out to Agency Counsel, who were necessary to the telephone call, but did not make contact with Agency Counsel until August 29, 2014. However, on August 29, Erin Davenport informed Defendants' counsel, by email, that they intended to file a motion requesting a briefing schedule. The email indicated,

> The purpose of this correspondence is to determine whether you will be opposing our request. . . Please let us know by 2 pm Eastern your position on this motion. If we do not receive a response by 2 pm Eastern, we will consider your position to be one that is opposing our request.

Ex. L. While, in their motion, Ms. Grant, stated that "AIC's counsel attempted to meet and confer with Defendants' counsel, as required by Local Civil Rule 7(m) [and] Defendants' counsel responded that agency counsel is not available for discussion before September 3[,]" Pltf's Motion at 2, this statement is disingenuous at best. Defendants *did* meet and confer as required and, by email, responded as specifically requested, by providing Defendants' position on the filing of the motion. Defendants stated that they took no position on the filing of the motion. In fact, the entirety of Defendants' email was as follows:

> Before responding to your email of yesterday, I was waiting to hear from Agency Counsel regarding their schedules. While Andrew Langreich and I are available to speak at 2:00 pm today, Howard Charles, from the Chief Counsel's Office, is not.

>Nevertheless, we are available to have a telephone conference on Wednesday, September 3 or Thursday, September 4 of next week.  In the meantime, we take no position on the filing of your motion.

*Id.*  On August 29, 2013, Plaintiff filed the motion.

Notably, Plaintiff still has not filed a motion for attorneys' fees as required by Federal Rule 54(d).  Rather, Plaintiff has filed a motion to set a briefing schedule.  Plaintiff's motion should be denied because Plaintiff has failed to comply with the Federal Rules.  Although Plaintiff repeatedly notes that Defendants did not raise the issue of the untimeliness of Plaintiff's email asking to discuss reimbursement of attorneys' fees earlier, Defendants have now done so.  Once Defendants discovered the viable defense to the attorneys' fee issue, they would have been remiss in their duties to the CBP and the Government if they failed to raise the defense.  The timing of Defendants' correspondence to Plaintiff does not obviate the need for Plaintiff to comply with the Federal Rules and file a timely motion.  Indeed, Defendant is not required to inform Plaintiff to do so.  Therefore, because Plaintiff did not file the required motion, the motion for a briefing schedule should be denied.

### III.  **Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Briefing Schedule Regarding Attorneys' Fees.[9]

---

[9] In Plaintiff's submission they included a Joint Status Report.  *See* Pltf's Motion, Crow Dec., Exhibit 7 at pp. 7-8.  This was a *proposed* report drafted by Ms. Bevilacqua, and sent to Defendants' counsel on August 28, 2014. The email of Ms. Bevilacqua which attached the draft stated, "Please let me know if this draft is acceptable and we will file."  Ex. M.  Although the draft contains a signature for Defendants' counsel as if Defendants had indicated that the draft was acceptable, Defendants never indicated to Plaintiff's counsel that the draft was acceptable. In fact, prior to the final determination being made that the August 28, 2014 correspondence would be sent to Plaintiff's counsel, Defendants' counsel prepared some preliminary edits to the proposed report.  Ex. N.

                Respectfully submitted,

                RONALD C. MACHEN JR., D.C. Bar # 447889
                United States Attorney

                DANIEL F. VANHORN, D.C. Bar # 924092
                Chief, Civil Division

                    /s/ *Marian L. Borum*
                MARIAN L. BORUM, D.C. Bar # 435409
                Assistant United States Attorney
                Civil Division
                555 Fourth Street, N.W.
                Washington, D.C. 20530
                Telephone:  (202) 252-2510
                Facsimile:  (202) 252-2599
                Electronic Mail:  marian.l.borum@usdoj.gov

Of Counsel:

Andrew Langreich
Attorney-Advisor
FOIA Appeals, Policy & Litigation Branch
U.S. Customs and Border Protection
Washington, D.C. 20229-1179

Howard Charles
Attorney (Enforcement)
Office of Chief Counsel
United States Customs and Border Protection
1300 Pennsylvania Avenue, NW, Suite 4.4B
Washington, D.C. 20229

## **CERTIFICATE OF SERVICE**

I certify that, on this 4th day of September, 2014, the foregoing was sent via the Court's Electronic Filing System to Plaintiff's counsel:

Creighton R. Magid
Dorsey & Whitney LLP
1801 K Street, N.W., Suite 750
Washington, D.C. 20006

Melissa Crow
American Immigration Council
1331 G Street, N.W., Suite 200
Washington, D.C. 20005

Michelle Grant
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402

*/s/ Marian L. Borum*
MARIAN L. BORUM
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN IMMIGRATION COUNCIL,** )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**UNITED STATES DEPARTMENT OF** )<br>**HOMELAND SECURITY, et al.,** )<br>)<br>**Defendants** )<br>_____ ) | Civil Action No. 11-1972 (JEB) |

## ORDER

This matter is before the Court on Defendants' Response to Plaintiff's Motion for Briefing Schedule Regarding Attorneys' Fees. Upon consideration of this Response and the entire record of this case, it is this _____ day of _____, 2014,

**ORDERED** that Plaintiff's Motion for Briefing Schedule Regarding Attorneys' Fees be **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

1

Copies to:

Marian L. Borum
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

Creighton R. Magid
Dorsey & Whitney LLP
1801 K Street, N.W., Suite 750
Washington, D.C. 20006

Melissa Crow
American Immigration Council
1331 G Street, N.W., Suite 200
Washington, D.C. 20005

Michelle Grant
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402