UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, *et al.*,<br><br>    Defendants. | Civil Action No. 11-1972 (JEB) |

## MEMORANDUM OPINION AND ORDER

In March 2011, Plaintiff American Immigration Council submitted a Freedom of Information Act request to Customs and Border Protection, a component agency of the Department of Homeland Security, seeking information about individuals' access to counsel during their interactions with federal immigration authorities. Dissatisfied with the response to its request – the agency produced a mere two pages of records after six months of discussion – AIC filed suit in this Court against CBP and DHS to compel a fuller release of the requested documents.

Apparently prompted by the initiation of litigation, Defendants conducted a second, more extensive search. That effort uncovered more than 300 responsive documents, of which the Government subsequently released some in full, disclosed others in part, and withheld others altogether pursuant to various FOIA exemptions. Eventually, after much discussion relating to the various withholdings, the parties narrowed their dispute to just seven documents. Defendants then moved for summary judgment on those remaining documents, which the Court granted on March 21, 2014. See Am. Immigration Council v. United States Dep't of Homeland Sec., 2014

1

WL 1118353 (D.D.C. Mar. 21, 2014).

Plaintiff now seeks to recover attorney fees and related expenses, and the parties have engaged in an extended back-and-forth on that issue via email and telephone since April 2014. On August 28, 2014, nearly five months after beginning this discussion, Defendants notified AIC that "[u]pon further reflection," they "do[] not believe [AIC] is entitled to attorneys' fees." Mot., Declaration of Melissa Crow, Exh. 8 (August 28, 2014, Letter from Marian Borum). The letter explained that because AIC had failed to file a motion for fees within fourteen days after the entry of judgment as required by Federal Rule of Civil Procedure 54(d)(2)(B)(i), "Defendant considers this matter closed." Id.

The very next day, Plaintiff filed a Motion to set a briefing schedule to resolve the issue of attorney fees, asserting, *inter alia*, that it had participated in good-faith negotiations with the Government over the course of five months to resolve the matter of fees with minimal court involvement; that the Court has discretion under the Federal Rules to extend the Rule 54 deadline; and that Defendants have long possessed actual notice that AIC sought attorney fees. Defendants, for their part, brandish Rule 54's fourteen-day time limit, hanging their hat on Plaintiff's failure to file a motion within the specified period. AIC has the better of this debate by far.

The Court initially notes that, "by its very terms, the fourteen-day deadline of Rule 54 is not a fatal jurisdictional deadline." Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 227 (2d Cir. 2004). In arguing to the contrary, Defendants fail to take heed of the Rule's qualifying language, which states that the two-week time limit on moving for attorney fees applies "[u]nless a statute or a court order provides otherwise." Fed R. Civ. P. 54(d)(2)(B) (emphasis added). The plain

text of the Rule thus indicates that a court may infuse some flexibility into the timeline for resolving issues of attorney fees.

Indeed, this Court's Minute Order of August 27, 2013, contemplated just such elasticity. In a status conference held that day regarding CBP's production of responsive documents, Plaintiff's counsel noted that the matter of fees would require discussion once AIC's FOIA claims had been resolved. The Court's Minute Order, issued after the conference, stated:

> By September 10, 2013, the parties shall file a joint status report indicating the status of the remaining few contested documents; . . . If the [FOIA] issue has been resolved, the parties will propose to file another status report 30 days thereafter regarding attorney fees . . . .

The Order implies both that the Court expected the parties to attempt to negotiate attorney fees among themselves, and that Rule 54's fourteen-day deadline would not strictly govern those negotiations. It was therefore reasonable for Plaintiff to infer as much and proceed accordingly.

In Tancredi, however, the Second Circuit held that a district court's Rule 54(d)(2)(B) discretion to extend the deadline for filing an attorney-fee motion is circumscribed by Rule 6(b)(1)(B), which authorizes courts to extend deadlines provided in the Federal Rules "if the party failed to act because of excusable neglect." The Tancredi court reasoned that "[a]llowing district judges to extend the deadline for filing a motion for attorneys' fees without any showing of 'excusable neglect'" would threaten the trifold aims of efficiency, fairness, and uniformity served by Rule 54's fourteen-day deadline. 378 F.3d at 227; see also Reaves v. Marion County, 2010 WL 5625708, at *1-2 (D.S.C. Nov. 30, 2010) (adopting Second Circuit's interpretation).

Assuming without deciding the correctness of that framework, Plaintiff handily satisfies the "excusable neglect" standard of Rule 6(b)(1)(B). In Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), the Supreme Court laid out a

3

four-factor test for determining whether a party's neglect is excusable: (1) "the danger of prejudice" to the opposing party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." Id. at 395.  Here, all four factors favor AIC.

First, because Defendants have had actual and repeated notice since July 23, 2013, that AIC would be seeking fees in this case, see Joint Motion to Continue Status Conference (ECF No. 37) at 2, no prejudice will result from extension of the Rule 54 deadline.  See Bienenfeld v. Bosco, Bisignano & Mascolo, 531 Fed. App'x 158, 159 (2d Cir. 2013).  Second, the five-month delay had no impact on judicial proceedings, and courts have regularly found excusable neglect after delays of comparable length.  See, e.g., In re Eagle Bus Mfg., Inc., 62 F.3d 730, 739 (5th Cir. 1995) (finding excusable neglect after delay of six to eight months); Hosein v. CDL W. 45th St., LLC, 2013 WL 4780051, at *5 (S.D.N.Y. June 12, 2013) ("While a delay of six months is not insignificant, the court concludes that a delay of six months in the circumstances of this case is excusable and not prejudicial.").

Of far more significance than the length of the delay, moreover, is the reason for it, which is the third Pioneer factor.  See Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) ("[W]e and other circuits have focused on the third factor.").  Plaintiff's delay in filing for attorney fees was wholly attributable to its reasonable belief that the issue could be resolved through mutual agreement between the parties with minimal court involvement.  That belief did not stem from Panglossian optimism on the part of AIC; on the contrary, attorney fees in its two related FOIA cases, one of which involved the exact same government counsel as this case, had been resolved through mutual agreement.  See Crow Decl., ¶ 3; Reply at 7.  What is more,

Defendants extensively participated and corresponded with AIC regarding fees in this case throughout a five-month period of negotiation.  See Crow Decl., ¶ 6; Reply at 5-6.  As late as August 28, they edited and commented on a proposed status report to the Court regarding the parties' efforts on this topic.  See Opp., Exh. N.  At no point in nearly half a year of negotiations did Defendants once mention Rule 54's fourteen-day deadline; instead, all of their actions indicated that they were amenable to resolving the fee issue through more informal discussion. Rule 54 is designed to shield a party from being blindsided by an unanticipated request for attorney fees; it cannot be repurposed and exploited by Defendants here in order to sandbag AIC at this late stage of proceedings.  See Eagle Bus Mfg., 62 F.3d at 739.

Finally, turning to the fourth factor – good faith – the above discussion and the Crow Declaration make clear that AIC's actions during the period of negotiations were taken in a good-faith effort to avoid burdening the Court with further litigation.  Likewise, immediately after learning of Defendants' epiphanic reliance on Rule 54, AIC notified the Court and sought a briefing schedule.  The Pioneer factors thus satisfied, the Court finds that extension of the Rule 54 deadline is appropriate in this case.

* * *

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion is GRANTED, and the following schedule shall govern the briefing of attorney fees:

1. Plaintiff shall file its Motion on or before October 17, 2014;

2. Defendants shall file their Opposition on or before October 31, 2014; and

3. Plaintiff shall file any Reply on or before November 10, 2014.

IT IS SO ORDERED.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: September 24, 2014